# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEN ROBERTS,

    *Plaintiff*,

vs.

JAMES GREG COX, *et al.*

    *Defendants*.

2:09-cv-02382-PMP-LRL

ORDER

    This *pro se* prisoner civil rights action by a prisoner currently in the custody of the Nevada Department of Corrections (NDOC) at the Southern Desert Correctional Center ("SDCC") comes before the Court for initial review under 28 U.S.C. § 1915A.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* litigant are held to less stringent standards than are formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, including the incorporated allegations from the "Nature of the Case" portion of the complaint form, Plaintiff Ken Roberts seeks to bring claims against, in both their individual and official capacities, NDOC Deputy Director James Greg Cox, SDCC Warden Brian Williams, Associate Warden of Programs Cheryl Burson, kitchen manager Clarence King, Chaplain La Vert H. Taylor, Correctional Officer Ryan Klein, and Correctional Officer Ken Nicholas. Plaintiff also seeks to assert a claim or claims against NDOC Director Howard Skolnik, but without specifying a capacity in which Skolnik is sued.

In Count I, Plaintiff alleges that he was denied his right to freedom to exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons

Act of 2000 (RLUIPA) and his right to equal protection of the laws under the Fourteenth Amendment. Plaintiff alleges that Defendants Skolnik, Cox, Williams, Burson, King and Taylor denied him kosher meals pursuant to a policy that required persons professing to follow the Jewish faith to be recognized as a Jew by an outside Jewish organization before receiving kosher meals. The complaint, taken as a whole, alleges that the policy operates to prevent black Jewish inmates, such as Plaintiff, from practicing their religion to the same extent as non-black Jewish inmates.[1]

In Count II, Plaintiff alleges that he was denied his right to freedom to exercise his religion under the First Amendment and RLUIPA and his right to equal protection of the laws under the Fourteenth Amendment. Plaintiff alleges that Defendants Williams, Burson and Taylor canceled Jewish services during Ramadan in order to accommodate Muslim inmates without seeking alternative means or sites for Jewish inmates to practice their religion during this time.[2]

In Count III, Plaintiff alleges that he was retaliated against for exercising his First Amendment right to free exercise of his religion and subjected to racial discrimination in violation of his right to equal protection of the laws under the Fourteenth Amendment. Plaintiff alleges that Defendants Cox and Taylor retaliated against his free exercise of his religion by rescinding his right to receive kosher meals and thereby implemented a policy that discriminated against black Jewish inmates.

In Count IV, Plaintiff alleges that he was retaliated against for exercising his First Amendment right to free exercise of his religion, subjected to racial discrimination in violation of his right to equal protection of the laws under the Fourteenth Amendment, and subjected to cruel and unusual punishment in violation of the Eighth Amendment. He alleges that Defendant Nicholas terminated his prison work assignment and wrote him up on disciplinary

---

[1] In construing the allegations of each count in the complaint, the Court has included review of the more specific factual allegations in the "Nature of the Case" portion of the complaint form.

[2] It appears that Ramadan runs from approximately August 11th to September 9th in 2010.

charges because he did not report to work on the Sabbath. Plaintiff alleges that Nicholas took these actions in retaliation against non-white Jews and in retaliation against Roberts' free exercise of his religion. Plaintiff alleges that Nicholas told him, *inter alia*, "you're no damn Jew." He further alleges that at the disciplinary hearing, Defendant Klein improperly found him guilty of failure to attend work, in violation of prison regulations that protect his right to attend services. Klein allegedly stated that "attending service is no excuse to miss work." Plaintiff alleges that he received unspecified disciplinary sanctions.

In Count V, Plaintiff alleges that he was denied his rights to free exercise of his religion without fear of penalty and to equal protection of the laws under the Fourteenth Amendment. He alleges that Defendants Klein and Nicholas conspired to write him up for sanctions for attending Jewish services and that Klein failed to comply with prison rules protecting his right to worship.

In the prayer in the complaint, Plaintiff seeks compensatory and punitive damages. However, in a contemporaneously-filed motion, Plaintiff further sought temporary and preliminary injunctive relief together with declaratory relief.

All official capacity claims in the complaint for monetary damages must be dismissed. Plaintiff's claims for monetary damages under the federal civil rights statutes against the defendants in their official capacity are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). The official capacity claims further fail to state a claim under Section 1983 because a state officer in his official capacity is not a "person" subject to suit under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989). Further, with regard to Plaintiff's claims under RLUIPA, the Ninth Circuit has held that official capacity claims under RLUIPA for monetary damages also are barred by the Eleventh Amendment and state sovereign immunity. *See Holley v. California Dept. of Corrections*, 599 F.3d 1108, 1111-13 (9th Cir. 2010).

////

Plaintiff's Eighth Amendment claim in Count IV fails to state a claim upon which relief may be granted.  He alleges only in conclusory fashion that the imposition of disciplinary charges and sanctions constituted cruel treatment.  Plaintiff makes no specific allegations that would tend to establish that he was subjected to disciplinary sanctions that constituted cruel and unusual punishment in violation of the Eighth Amendment.  Absent an allegation of some extraordinary sanction far, far outside the pale of that customarily imposed by NDOC as a disciplinary sanction, it is extremely unlikely that plaintiff would be able to present a viable Eighth Amendment claim in this regard, although he may seek to amend following this order.

Plaintiff's remaining allegations would appear to present potentially viable claims that should be served upon Defendants for a response.  Plaintiff's allegations, if true, state violations of the Constitution and RLUIPA.  *Cf. Shilling v. Crawford*, 2010 WL 1735039, slip op. at *1 (9th Cir., April 28, 2010)(the panel stated in an unpublished decision that RLUIPA barred Nevada prison officials from denying a kosher diet on the basis that plaintiff was not recognized as a Jew by an outside Jewish organization).

IT THEREFORE IS ORDERED that the Clerk of the Court shall file the complaint.

IT FURTHER IS ORDERED that the following claims are DISMISSED without prejudice: (a) all claims against all defendants in their official capacity, but not their individual capacity, for monetary damages; and (b) the Eighth Amendment claim in Count IV but not the remaining claims therein.  The dismissal of the Eighth Amendment claim is subject to leave to amend within twenty (20) days of entry of this order.[3]

IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for Defendants and shall make informal electronic service of the complaint, this order, and the Court's prior order (#6) upon Defendants by directing a notice of electronic filing to her.

---

[3] The Court is not delaying service for a response for any such amendment both because of the substantial likelihood that Plaintiff cannot state a viable Eighth Amendment claim in this regard and further because of the need to move this case forward and join issue on the clearly serviceworthy claims in the complaint.  The Court will screen the amended complaint if one is filed.  Any such amended complaint must be complete in itself without reference to or incorporation of prior pleadings, including the original complaint.

1  IT FURTHER IS ORDERED that the Attorney General shall advise the Court within twenty (20) days from entry of this order whether she can accept service of process for the named defendants.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service.  **No response is required as to the specific claims that have been dismissed by this order.**

If service is not accepted for any of the defendants, Plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, he must complete service within 120 days from entry of this order.

IT FURTHER IS ORDERED that, as per the Court's prior order (#6), counsel for Defendants shall respond as directed therein by **September 24, 2010**, for all defendants for whom the Attorney General has accepted service.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other paper submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

The Clerk also shall provide Plaintiff with a copy of the complaint.

DATED:  August 31, 2010.

_____
PHILIP M. PRO
United States District Judge