**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEN ROBERTS,

Plaintiff,

v.

JAMES GREG COX, *et al.*,

Defendants.

2:09-cv-02382-PMP -VCF

**O R D E R**

Before the court is *pro se* plaintiff Ken Roberts' Motion For Extension/Enlargement of Copies. (#66). Defendants filed an Opposition (#70), and plaintiff did not file a Reply.

**Background**

On May 18, 2010, the court granted plaintiff's motion/application to proceed *in forma pauperis.* (#4). The clerk filed plaintiff Roberts' *pro se* prisoner civil rights complaint on August 31, 2010. (#8). Plaintiff alleged five claims against defendants. *Id.* On March 22, 2011, the court dismissed plaintiff's second claim for his failure to exhaust administrative remedies and plaintiff's retaliation claim with leave to amend . (#33). The court denied the motion as to the other three counts, and gave the plaintiff until April 18, 2011, to file an amended complaint. *Id.* No amended complaint has been filed.

On June 27, 2011, the court provided plaintiff with a complete copy of the docket sheet. (#38). Subsequently, plaintiff filed a motion for entry of clerk's default (#39) due to defendants' failure to file an answer after the court partially granted the motion to dismiss. On August 31, 2011, the defendants filed their answer. (#41). On September 6, 2011, the court denied the plaintiff's motion for entry of default. (#43). On September 12, 2011, plaintiff filed another motion for entry of default (#45), which the court denied on September 28, 2011 (#48).

On November 23, 2011, plaintiff filed a motion to receive free copy work, asserting that he needed copies of certain documents because he had been transferred several times in the last couple

months, and, as a result, his "civil complaint and documents, as well as other items of value, were lost." (#50). The court found that plaintiff demonstrated a specific showing of need for the copies, and on November 30, 2011, the court issued an order granting in part and denying in part the plaintiff's motion. (#51). The court stated that "[t]he only necessary documents at this stage in the litigation are the docket sheet, the plaintiff's complaint (#8), the court's order dismissing claims (#33), and the defendants' answer to the complaint (#41)," and ordered the clerk of the court to mail the documents to plaintiff's address.

Plaintiff filed a motion for declaratory judgment on December 15, 2011 (#52), which the court denied on January 17, 2012 (#55). Plaintiff filed a motion to compel on January 20, 2012. (#58). The court issued an order on March 3, 2012, denying plaintiff's motion (#58) and setting a discovery plan and scheduling order. (#65). On March 13, 2012, plaintiff filed the present motion for extension/enlargement of copies. (#66).

**Motion For Extension/Enlargement of Copies (#66)**

**A. Arguments**

In the present motion for extension/enlargement of copies, plaintiff asserts that "he has reached his $100 free legal copy limit," and asks this court to enlarge his copy limit by an additional $50. (#66). Plaintiff asserts that he is "without personal funds and owes the prison over $500.00," and that the extra copies will "assist him in the instant litigation." *Id.*

In defendants' opposition, they assert that plaintiff is "not entitled to free and/or to accrue $150.00 of copy work debt to pursue this civil action." (#70); See *Lewis v. Casey,* 518 U.S. 343, 384-385 (1996)(holding that "there is no basis in constitutional context...for the conclusion that the constitutional right of access imposes affirmative obligations on the States to finance and support prisoner litigation."). Defendants argue that plaintiff has "several other options, including, but not limited to, utilizing carbon paper or handwriting copies," and that he has failed to "provide any accounting demonstrating how he managed to reach or exceed the $100.00 copy limit..." (#70).

Defendants propose that if the court is inclined to grant plaintiff's request, the court should require plaintiff to "put into writing a budget or itemization of what exhibits and copies he has already made and what copies he believes are necessary to prosecute this action." *Id.* In order to decrease the amount of copies needed, defendants assert that they are willing to waive service by the United States mail of any and all documents/motions filed by plaintiff in the above captioned action, and that defendants will rely solely on the CM-ECF system to receive notification of filings. *Id.*

**B. Relevant Law/Authority**

The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders). "A denial of free photocopying does not amount to the denial of access to the courts." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989).

Pursuant to the NDOC Administrative Regulation 722, entitled "Inmate Legal Access," inmates are not constitutionally entitled to free copy work, and may only "accrue a maximum of $100 debt for copy work expenses for all cases, not per case." AR 722(9)(A) and (D). Regulation 722 also states that "carbon paper should be made available to any inmate who requests this item for legal purposes," and that copy machines are to be used only by inmates copying legal materials needed for current litigation. AR 722(9)(E) and (10)(A). To ensure the inmates do not exceed their copy limit, the prison staff maintains a log of the number of photocopies provided to each inmate. AR 722(8)(G) and (H).

. . .

**C. Discussion**

As an initial matter, the court accepts defendants' waiver of service in the above captioned action only, and plaintiff is not required to serve the defendants with copies of any filings. This waiver applies to this action only, and is not applicable/transferable to any other action plaintiff is currently litigating or any future action plaintiff commences.

The court finds that plaintiff has not demonstrated a "specific showing of need" for the copies, and only generally states that "copies will assist him in the instant litigation." (#66). Since plaintiff is proceeding *pro se,* the court is denying his request without prejudice. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.) Plaintiff shall file with the court (1) an itemized list demonstrating how plaintiff spent $100.00 copying documents for this case and (2) a copy budget, indicating what plaintiff anticipates using the additional $50 of copy credit for in light of the defendants' waiver of service.

Accordingly, and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Ken Roberts' Motion For Extension/Enlargement of Copies (#66) is DENIED without prejudice.

IT IS THEREFORE ORDERED that, within thirty (30) days from the entry of this order, plaintiff shall file with the court (1) an itemized list demonstrating how plaintiff spent $100.00 copying documents for this case and (2) a copy budget, indicating what plaintiff anticipates using the additional $50 of copy credit for in light of the defendants' waiver of service.

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that the court accepts defendants' waiver of service for this action only. Plaintiff is not required to send copies of filings to the defendants through the United States mail, and defendants shall rely solely on the CM-ECF system for notification of filings. This waiver applies to the above captioned action only, and is not applicable/transferable to any other action plaintiff is currently litigating or any future action plaintiff commences.

DATED this 17th day of April, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**